## California Borough, Appellant, *v.* Powell.

*Road law—Paving—Borough streets—Petition of property owners—Act of April 23, 1889, P. L. 44.*

1. Under the Act of April 23, 1889, P. L. 44, relating to the paving of borough streets, the consent of the owners must be evidenced by the petition of two-thirds of the persons to be taxed who also own two-thirds in number of feet of the property fronting or abutting on the street. If any of the signers are parties, and at the same time acting as agents for other persons who are parties, such agency must be disclosed on the face of the paper; it cannot be shown by parol evidence.

2. Where a lot is owned by several tenants in common the signature of only one of the tenants in common, will in itself not establish the consent of the other tenants in common. The petition itself must show that the one who signed, did so not only for himself, but as agent of his cotenants.

Argued April 15, 1912. Appeal, No. 3, April T., 1912, by plaintiff, from judgment of C. P. Washington Co.,

May T., 1910, No. 49, on verdict for defendants in case of The Borough of California v. Harriet Powell Estate, John R. Powell et al., owners or reputed owners. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur municipal claim. Before TAYLOR, J.

The opinion of the Superior Court states the case.

Plaintiff presented, inter alia, the following point:

7. In determining the required two-thirds in number of feet of properties fronting or abutting on said Third avenue where lots are owned by two or more tenants in common and all the owners of said lots have not signed the petition to council, the jury shall determine whether or not the persons so signing were the agents of the other cotenants and if they so find, the lots shall be counted in making up the required two-third foot frontage. *Answer:* We answer this point in this way: Where the signature of a property owner abutting on the street petitioned to council for improvement under the Act of April 23, 1889, P. L. 44, signs his name alone, such signature shall represent his interest alone and cannot be properly considered (such signature) as carrying the interest of another owner in the same property, unless such agency is made to appear by his or her signature representing, not only his or her interest, but also his or her principal excepting the cases of partnership when the signer has at law authority. With these remarks or explanation under the act, the point is affirmed. [4]

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* among others was (4) answer to plaintiff's point as above.

*G. P. Baker,* with him *Owen C. Underwood* and *R. H. Meloy,* for appellant, cited: Levi v. Oakmont Borough, 44 Pa. Superior Ct. 631; Holland v. Baltimore, 11 Maryland, 186; Whyte v. Nashville, 2 Swan (Tenn.), 364.

*James I. Brownson,* of *Donnans, Brownson & Miller,* for appellee cited: Scott v. Sugar Notch, 15 Luz. Leg. Reg. 207; Pittsburg v. Walter, 69 Pa. 365.

OPINION BY HENDERSON, J., July 18, 1912:

This is a proceeding to collect a municipal claim. The borough undertook to pave one of its streets under the provisions of the Act of April 23, 1889, P. L. 44. The first section of the act authorizes the borough to pave, curb or macadamize any public street or part thereof on the petition of two-thirds of the owners of property representing not less than two-thirds in number of feet of the properties fronting or abutting on the streets proposed to be paved. The ordinance authorizing the improvement in question was adopted on a petition purporting to be signed by two-thirds of the owners of property owning not less than two-thirds in number of feet of the abutting property, and the pavement was laid as authorized in the ordinance. Defense was made at the trial on various grounds, one being that the petition on which the proceeding was founded was not signed by two-thirds of the owners of abutting property and this is stated by the appellant's counsel in their argument to be the principal question in the case. Three of the lots fronting on the street were owned by tenants in common and in each case only one of the owners signed. The plaintiff contended that these parties signed not only for themselves but as agents for their cotenants. The court instructed the jury that the assent of all of the owners must be evidenced by their signatures made or authorized to be made attached to the petition so that it would appear from the petition itself that a requisite number of signers had joined, and this is the evident intent of the statute. The petition is to be in writing and must contain the names of the requisite proportion of the owners in order to give jurisdiction to the council. It must be a self-supporting petition. The right of the borough to proceed and its power to impose the cost of the improvement on the nonassenting owners

depend on the fact that two-thirds have united in the petition. To leave the matter to inference or supply the lacking number by parol evidence would create confusion and uncertainty, and this was intended to be avoided by the legislature. A petition in a legal sense is an instrument of writing or printing, and its sufficiency must be determined by its face. If any of the signers were parties and at the same time acting as agents for other persons, such agency must be disclosed on the face of the paper. Parol evidence is not competent to establish an agency for another person under such circumstances. Whether the persons whose names were actually signed to the petition constituted two-thirds of the owners could only be determined, of course, by proof, and this evidence the court submitted to the jury. The consent of the owners must be evidenced by the petition of two-thirds of the persons to be taxed who also own two-thirds in number of feet of the property fronting or abutting on the street. Mrs. Powell did not petition for the improvement, and the authority of the council to charge her property depended on the existence of a petition of the character required by the act of assembly. Without this petition it had no jurisdiction or power. It may have been the duty of the court to have charged the jury that the petition lacked the requisite proportion of signers, but we need not so decide as the case has gone against the plaintiff on the verdict. As the petition was defective in an essential part it is unnecessary to consider the other matters suggested in the argument. A careful examination of the case satisfies us that it was well tried in the court below and the judgment is therefore affirmed.